**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

DORIS M. RANDLEMAN,

      Plaintiff,             :       Case No. 3:11-cv-376

  -vs-

                                        Judge Timothy S. Black
                                        Magistrate Judge Michael J. Newman
SECRETARY, DEPARTMENT OF
   VETERAN AFFAIRS,

      Defendant.            :

---

**REPORT & RECOMMENDATION AND
NOTICE REGARDING OBJECTIONS**

---

This is a *pro se* case, filed against the Department of Veterans Affairs, for which the complaint is far from clear.

Those pleading deficiencies were made clear to Plaintiff in the Court's four page-long Order of November 8, 2011 (doc. 5). In that Order, Plaintiff was advised that her Complaint was possibly subject to dismissal under 28 U.S.C. §1915(e)(2)(B). *Id.* at 1. Plaintiff was then ordered to file an Amended Complaint within thirty days, and also advised that her "failure to comply with this Order may constitute grounds to dismiss [your] Complaint and close this case." *Id.* at 3.

Plaintiff thereafter moved for a fifteen-day extension of time to obtain counsel and file an Amended Complaint, a request which the Court granted in an Order dated December 9, 2011 (docs. 6, 7). In the December 9th Order granting her request for an extension of time, Plaintiff was again

advised that, "if [you] do[] not file an Amended Complaint on or before December 26, 2011, this case will be dismissed for [your] failure to prosecute and also due to the deficiencies in [your] previously-filed Complaint." Doc. 7 at 1.

Plaintiff did not file an Amended Complaint by December 26, 2011. Nor has she filed such a pleading since that time or advised the Court that she has retained counsel who will be filing such a pleading on her behalf.

Accordingly, and for the reasons stated both in this Report & Recommendation as well as in the Court's two prior Orders of November 8th and December 9th, the Court RECOMMENDS that Plaintiff's *pro se* Complaint be dismissed in light of her pleading deficiencies and due to her lack of prosecution.

January 3, 2012                                                                        s/ **Michael J. Newman**
                                                                                         United States Magistrate Judge

# NOTICE  REGARDING  OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report & Recommendation objected to and shall be accompanied by a memorandum in support of the objections. If the Report & Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District

Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).